J-A28011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LISA MORGAN, INDIVIDUALLY AND IN HER CAPACITY AS EXECUTOR OF THE ESTATE OF BARBARA MCKIMMIE MUMMA AND TRUSTEE OF THE RISIDUARY TRUST OF ROBERT M. MUMMA | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 309 MDA 2018 |
| ROBERT M. MUMMA, II BARBARA MANN MUMMA LINDA MANN MUMMA | : : : : : | |
| v. | : : : | |
| BOBALI CORPORATION | : : : | |
| APPEAL OF: ROBERT M. MUMMA, II | : | |

Appeal from the Order Entered December 28, 2017
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2010 CV 11490 EQ

BEFORE:  LAZARUS, J., OLSON, J., and MUSMANNO, J.

JUDGMENT ORDER BY LAZARUS, J.:        **FILED: NOVEMBER 5, 2018**

Robert M. Mumma, II, has appealed, *pro se*, the order entered in the Court of Common Pleas of Dauphin County, deeming Appellee Lisa Morgan's Motion to Request Issuance of Final Order to be moot.  We dismiss the appeal.

The argument section of Mumma's brief consists primarily of a copy of a brief filed by Robert B. Eyre, Esquire, on Mumma's behalf in the trial court on or about July 23, 2013.  Our Supreme Court has previously held that such

"incorporation by reference" is an unacceptable manner of appellate advocacy for the proper presentation of a claim for relief to the Court. *Commonwealth v. Edmiston*, 634 A.2d 1078, 1092 n.3 (Pa. 1993) (specifying that all claims a litigant desires court to consider are required to be set forth in appellate brief and not just incorporated by reference); *Pines v. Farrell*, 848 A.2d 94, 97 n.3 (Pa. 2004) (reliance on "briefs and pleadings already filed in this case" was "not a recommended form of advocacy"). The Rules of Appellate Procedure specifically require a party to set forth in his or her brief, in relation to the points of his argument or arguments, "discussion and citation of authorities as are deemed pertinent," as well as citations to statutes and opinions of appellate courts and "the principle for which they are cited." Pa.R.A.P. 2119(a), (b). Therefore our appellate rules do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief.

Mumma's brief further violates the Rules of Appellate Procedure by failing to include a statement of the court's jurisdiction, this Court's scope and standard of review, a statement of the order in question, and a summary of his argument, as required by Pa.R.A.P. 2111(a). Nor does Mumma include a statement of place of raising or preservation of issues pursuant to Pa.R.A.P. 2117. Appellate briefs must conform materially to the requirements of the appellate rules and this Court may quash or dismiss an appeal if the defect in the brief is substantial. *Commonwealth v. Adams*, 882 A.2d 496, 497–98

(Pa. Super. 2005); Pa.R.A.P. 2101. Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017). Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003).

Finally, to the extent that Mumma includes in his brief four pages of original argument, albeit devoid of either citation to the record or discussion of and citation to authorities, that argument involves issues related to the order of the trial court entered on December 13, 2013, and not the order currently on appeal. Rule of Appellate Procedure 903 requires that an appeal be filed within thirty days after the entry of the order from which it is taken. ***See*** Pa.R.A.P. 903(a). Mumma never appealed the December 2013 order and, thus, any claims relating to it are waived.

In light of the foregoing, we find all of Mumma's appellate issues waived and we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/05/2018